UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NESPRESSO USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> JONES BROTHERS COFFEE COMPANY DISTRIBUTION, LLC <br><br> Defendant. | Case No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Nespresso USA, Inc. ("Nespresso" or "Plaintiff"), by and through its undersigned counsel, complains of Defendant Jones Brothers Coffee Company Distribution, LLC ("Defendant" or "Jones Brothers") as follows:

## NATURE OF THE ACTION

1. This is an action for an injunction, an accounting and money damages arising from Jones Brothers' willful infringement of Nespresso's trademarks and trade dress, and unfair competition under federal and state law. Particularly, this action arises out of Jones Brothers' operation of a business dedicated to the manufacture, offering for sale and sale of what it calls "Nespresso Compatible" coffee capsules, which Jones Brothers has designed to be compatible with Nespresso® machines. To promote and sell these capsules, Jones Brothers improperly uses Nespresso's trademarks to mislead consumers into believing that its products are endorsed and/or sponsored by Nespresso. Indeed, Jones Brothers has built an entire business by unlawfully trading off of Nespresso's valuable assets and goodwill, which has caused, and continues to cause, irreparable harm to Nespresso.

1

2. In an attempt to address these matters, Nespresso issued multiple letters to Jones Brothers, putting Jones Brothers on notice of its infringing activities, the first of which was issued on August 9, 2018. Jones Brothers did not respond to that letter, so Nespresso issued follow-up letters on September 10, 2018 and November 19, 2018. Jones Brothers did not respond to those letters either.

3. Jones Brothers continues to infringe Nespresso's trademarks and trade dress despite having been put on express notice of its infringing activities over six months ago. Accordingly, Nespresso now brings this action to put an end to Jones Brothers' infringing activities and to cease the ongoing and irreparable harm being suffered by Nespresso as a result.

## THE PARTIES

4. Plaintiff Nespresso is organized under the laws of the State of Delaware and maintains its principal place of business at 100 Park Avenue, 7th Floor, New York, New York 10017, United States.

5. On information and belief, Defendant Jones Brothers is a corporation organized under the laws of the State of Michigan and maintains a principal place of business at 3432 East Patrick Street, Gilbert, AZ 85295.

## JURISDICTION AND VENUE

6. This is an action for trademark infringement, trade dress infringement, and unfair competition. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, New York General Business Law § 349(a) and New York common law. This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331, 1338 and 1367 and 15 U.S.C. § 1121.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because, on information and belief, a substantial part of the events giving rise to this action occurred in and

continues to occur within this District. Venue is also proper in this Court under 28 U.S.C. § 1391(c), because Jones Brothers has transacted business in this District and has committed acts of infringement in this District.

## NESPRESSO'S INTELLECTUAL PROPERTY ASSETS AND PRODUCTS

8. Plaintiff Nespresso is a leader in the single-serve coffee market and has been offering coffee/espresso machines and compatible espresso capsules, consumables and accessories under the Nespresso name in the United States as far back as 1990. For over 20 years, Nespresso and its affiliate, Nestlé Nespresso S.A., together have invested hundreds of millions of dollars to promote the Nespresso brand in the United States and worldwide. As a result of these significant investments, the Nespresso brand, Nespresso cone-shaped capsules and related rectangular packaging sleeves have become widely recognized and famous among consumers in the United States and globally, and consumers in the United States have come to readily identify the NESPRESSO name and the distinctive shape, design and color scheme of the Nespresso cone-shaped capsules, as well as the related rectangular packaging (the "Nespresso Trade Dress") with Nespresso.

9. Nespresso's and Nestlé Nespresso S.A.'s investments in the Nespresso® brand and the Nespresso Trade Dress include everything from Internet advertisements, stand-alone Nespresso retail stores in most major U.S. cities, and entire Nespresso boutique stores within such high-end stores as Bloomingdale's and Williams-Sonoma to national television ads that feature celebrity endorsements. (*See, e.g.*, Exhibit A). These advertisements and promotional materials consistently feature the NESPRESSO name, the colorful Nespresso® cone-shaped capsules and the Nespresso rectangular packaging sleeves, all of which have become famous and distinctive indicators of source that consumers in the United States have come to associate with Nespresso.

10. Nespresso is also the exclusive licensee to a number of federally registered United States trademarks and pending trademark applications covering the NESPRESSO name and other trademarks associated exclusively with the Nespresso brand for use in the United States, which are owned by Nespresso's affiliate, Societe des Produits Nestlé S.A. ("SPN"). These include U.S. trademark registration numbers 2009751 and 3813444 (the "Nespresso Marks"). (*See* Exhibit B).

11. Pursuant to the exclusive sublicense agreement between Nespresso and Nestlé Nespresso S.A., Nespresso is granted the exclusive right to use the Nespresso Marks in connection with marketing, distributing, selling, offering for sale and otherwise promoting the Nespresso® capsules, consumables and accessories. Nespresso's exclusive right to use the Nespresso Marks in connection with capsules, consumables and accessories includes the right to enforce the Nespresso Marks in the United States, including the right to bring lawsuits against third parties for infringement of the Nespresso Marks.

12. In at least one instance, this Court has recognized Nespresso's exclusive trademark rights in the NESPRESSO® name. *See Nespresso USA, Inc. v. Africa Am. Coffee Trading Co. LLC D/B/A Libretto*, No. 1:15-cv-05553, Dkt. 29 at 7, 9-10 (S.D.N.Y. June 2, 2016) (granting default judgment against Libretto and holding, among other things, that Libretto's use of the phrase "Nespresso compatible" prominently to advertise and sell its products constitute trademark infringement).

## JONES BROTHERS' INFRINGING ACTIVITIES

13. On information and belief, Jones Brothers was founded in or around the year 2013, offering "Nespresso Compatible" capsules for use with Nespresso® machines and other brewers. (*See, e.g.*, Figure 1). A significant part of Jones Brothers' business is dedicated to the manufacture, distribution, offering for sale and sale of espresso capsules that are compatible with Nespresso

4

machines (hereinafter, the "Infringing Capsules") and are highly similar copies of the Nespresso capsules. In addition, Jones Brothers has improperly used and is improperly using Nespresso's trademarks to advertise and sell the Infringing Capsules.



**Figure 1**
Source: https://jonesbrotherscoffee.com, 2/23/2019

14. Jones Brothers sells the Jones Brothers Capsules through its web site <jonesbrotherscoffee.com> and through other online storefronts, such as Amazon.com. Jones Brothers also promotes its products using social media web sites, including Facebook and Twitter.

15. To promote and sell the Infringing Capsules, Jones Brothers uses the Nespresso Marks in a number of ways that infringe Nespresso's trademark rights and dilute the distinctiveness of the famous Nespresso Marks. On its website and its packaging, Jones Brothers has used and is using the slogan "Nespresso Compatible" in a number of instances with primary prominence and without displaying prominent and proximate non-affiliation disclaimers. (*See, e.g.*, Figures 1-3). These unauthorized uses of the Nespresso Marks falsely suggest and/or imply endorsement and/or sponsorship by, and/or affiliation with, Nespresso.



**Figure 2**
Jones Brothers Packaging

## What we think about Coffee Capsules

They are a great and convenient way to enjoy espresso style coffees. No fuss, no mess or cleaning up to do. We've always believed that everyone should be free to enjoy whichever coffee capsules they believe taste the best, and pop them into any machine they like. We were one of the first brands in the world with the new generation of Nespresso compatible capsules. And for us, choice and access to great coffee is everything.

We know that many small brands with a big coffee-heart think the same. At Jones Brothers we are focussed on giving you as much choice and freedom to explore a world of taste as you want — that's what we're really about. Capsule technology is always changing, so we will always try to bring you the most up to date capsules and new and interesting coffee flavours. Just take a look here at our Limited Edition capsules to see what we mean!

**Figure 3**
Source: https://jonesbrotherscoffee.com/us/capsules-compatibility/, 4/10/2019

6

16. In addition, the Infringing Capsules that Jones Brothers manufactures, distributes, offers for sale and sells are nearly identical replicas of the Nespresso Trade Dress in size, shape, colors and appearance. The Infringing Capsules also have a "dimpled" cone shape that is identical to the iconic feature of Nespresso's capsule that consumers have come to readily and exclusively associate with Nespresso. The severity of Jones Brothers' copying of the Nespresso Trade Dress is demonstrated in Figure 4 below, which depict the Infringing Capsules alongside the Nespresso® capsules.



**Figure 4**
"Dimpled" cone feature

17. Since its inception, Jones Brothers has had constructive knowledge of Nespresso's trademark rights in its NESPRESSO name as a result of Nespresso's federal trademark registrations. Jones Brothers clearly also has had actual notice of Nespresso's trademark and trade dress rights as evidenced by the fact that it has offered for sale and sold, and continues to offer for sale and sell, capsules that it is advertising as "Nespresso Compatible" that are nearly identical to Nespresso's capsules and have a "dimpled" cone shape. Further, Jones Brothers has had actual and definitive notice of Nespresso's trademark and trade dress rights and Jones Brothers' infringing activities since August 2018, when Nespresso issued its initial demand letter to Jones Brothers.

18. Jones Brothers' knowing and intentional infringement of the Nespresso Marks and comprehensive copying of the Nespresso Trade Dress has been willful and continues to cause confusion among consumers as to the source, sponsorship and/or affiliation of Jones Brothers' products (and each of the Infringing Capsules) with Nespresso. Further, Jones Brothers' infringing activities have irreparably harmed and continue to irreparably harm Nespresso's reputation and the Nespresso brand.

19. Jones Brothers continues to infringe the Nespresso Marks and Nespresso Trade Dress, providing no assurances as to when or if its infringing activities will cease. Accordingly, Nespresso is left with no option other than to file this lawsuit to protect some of its most valuable assets—its brand identifiers.

## COUNT I:  TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114(1)

20. Nespresso repeats and incorporates herein each and every allegation set forth in paragraphs 1 to 20 of this Complaint.

21. Nespresso has exclusive rights, dating back to at least 1990, in and to the Nespresso Marks for use in the United States in connection with espresso capsules, consumables and accessories that well predate Jones Brothers' use of the Nespresso Marks.

22. Jones Brothers is using the Nespresso Marks in connection with the manufacture, distribution, offering for sale and sale of the Infringing Capsules, which are highly similar to the Nespresso® capsules. Such use of the Nespresso Marks in commerce by Jones Brothers in connection with capsules that are identical to and direct substitutes for Nespresso-branded capsules is likely to cause consumer confusion.

23. Neither Nespresso, SPN nor Nestlé Nespresso S.A. has consented to Jones Brothers use of the Nespresso Marks.

24. Jones Brothers had actual or constructive knowledge of Nespresso's trademark rights prior to using or continuing to use the Nespresso Marks.

25. Jones Brothers' use of the Nespresso Marks is likely to cause confusion among consumers as to the source, sponsorship, affiliation or endorsement of Jones Brothers' web site and its products, including the Infringing Capsules.

26. Jones Brothers' use of the Nespresso Marks constitutes trademark infringement of U.S. trademark registration numbers 2009751 and 3813444 in violation of 15 U.S.C. § 1114.

27. The willful and intentional nature and the reckless disregard of the most basic level of diligence by Jones Brothers makes this false designation of origin an exceptional case pursuant to 15 U.S.C. § 1117(a), and, accordingly, Nespresso is entitled to an accounting for profits, enhanced profits and damages, actual damages, costs, and reasonable attorneys' fees.

28. As a result of Jones Brothers' trademark infringement, Nespresso has suffered damages in an amount to be determined at trial.

29. On information and belief, Jones Brothers has gained profits by virtue of its infringement of the Nespresso Marks.

30. Nespresso has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill as a result of Jones Brothers' actions, and Nespresso lacks an adequate remedy at law to compensate for this harm and damage. Accordingly, Nespresso is entitled to an injunction by the Court pursuant to 15 U.S.C. § 1116(a).

## COUNT II: FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

31. Nespresso repeats and incorporates herein each and every allegation set forth in paragraphs 1 to 30 of this Complaint.

32.     Jones Brothers' use of the Nespresso Marks in the form of Nespresso's stylized logo to promote, offer for sale and sell the Infringing Capsules violates Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

33.     Jones Brothers' use of the Nespresso Marks in connection with the Infringing Capsules falsely suggests that the Infringing Capsules are connected with, sponsored by, affiliated with or related to Nespresso.

34.     Neither Nespresso, SPN nor Nestlé Nespresso S.A. has consented to Jones Brothers' use of the Nespresso Marks, and neither Nespresso, SPN nor Nestlé Nespresso S.A. has authorized Jones Brothers' sale or offer for sale of the Infringing Capsules using the Nespresso Marks.

35.     Jones Brothers' unauthorized use of the Nespresso Marks constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

36.     Jones Brothers had actual knowledge of Nespresso's trademark rights prior to using, or continuing to use, the Nespresso Marks.

37.     The willful and intentional nature and the reckless disregard of the most basic level of diligence by Jones Brothers makes this trademark infringement an exceptional case pursuant to 15 U.S.C. § 1117(a), and, accordingly, Nespresso is entitled to an accounting for profits, Jones Brothers' profits, actual damages, costs, and reasonable attorneys' fees.

38.     As a result of Jones Brothers' trademark infringement, Nespresso has suffered damages in an amount to be determined at trial.

39.     On information and belief, Jones Brothers has gained profits by virtue of its infringement of the Nespresso Marks.

40. Nespresso has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill as a result of Jones Brothers' actions, and Nespresso lacks an adequate remedy at law to compensate for this harm and damage. Accordingly, Nespresso is entitled to an injunction by the Court pursuant to 15 U.S.C. § 1116(a).

## COUNT III: UNLAWFUL DECEPTIVE ACTS AND PRACTICES UNDER N.Y. GEN. BUS. LAW § 349(a)

41. Nespresso repeats and incorporates herein each and every allegation set forth in paragraphs 1 to 40 of this Complaint.

42. Jones Brothers knowingly and intentionally has manufactured, distributed, offered for sale and sold, and continues to manufacture, distribute, offer for sale and sell, the Infringing Capsules by improperly using the Nespresso Marks.

43. Jones Brothers' use of the Nespresso Marks is without Nespresso's consent and without the consent of SPN or Nestlé Nespresso S.A.

44. Jones Brothers' acts complained of herein are materially misleading and directed at consumers. Jones Brothers' acts have misled, continue to mislead, and/or are likely to mislead reasonable consumers as to the origin of the Infringing Capsules, and have deceived, continue to deceive, and/or are likely to deceive the public into believing that Jones Brothers' products originate from, are associated with, or are otherwise authorized or endorsed by Nespresso.

45. Jones Brothers' deceptive acts and practices involve public sales activities of a recurring nature.

46. Jones Brothers had actual and constructive knowledge of the Nespresso Marks when it began using the Nespresso Marks, and Jones Brothers has not ceased its improper use of the Nespresso Marks in response to Nespresso's repeated clear objections. As such, Jones Brothers' infringement has been and continues to be intentional, willful and without regard to the

Nespresso Marks. Accordingly, Nespresso is entitled to an accounting for profits, enhanced profits and damages, actual damages, costs, and reasonable attorneys' fees.

47. As a result of Jones Brothers' trademark infringement, Nespresso has suffered damages in an amount to be determined at trial.

48. On information and belief, Jones Brothers has gained profits by virtue of its deceptive acts and practices.

49. Nespresso has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill as a result of Jones Brothers' actions, and Nespresso lacks an adequate remedy at law to compensate for this harm and damage. Accordingly, Nespresso is entitled to an injunction by the Court.

## COUNT IV: TRADE DRESS INFRINGEMENT UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

50. Nespresso repeats and incorporates herein each and every allegation set forth in paragraphs 1 to 49 of this Complaint.

51. Nespresso is the exclusive licensee of all right and title to the Nespresso Trade Dress in the United States. The Nespresso Trade Dress, as embodied in Nespresso's cone-shaped capsules, is inherently distinctive and/or has acquired secondary meaning, and is not functional.

52. In addition, based on Nespresso's extensive and consistent advertising, promotion and sales throughout the United States, the Nespresso Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Nespresso as the source of these products.

53. Nespresso's extensive promotion and use of the distinctive Nespresso Trade Dress has resulted in Nespresso's acquisition of valuable, legally protected rights in the Nespresso Trade Dress as well as considerable customer goodwill.

54. Jones Brothers has misappropriated the Nespresso Trade Dress by mimicking the distinctive elements of the Nespresso Trade Dress almost in their entirety.

55. Jones Brothers' manufacture, distribution, offering for sale and sale of the Infringing Capsule products with an identical "dimpled" cone shape and using a similar color scheme as the Nespresso Trade Dress is likely to cause and has caused confusion, mistake and/or deception among consumers as to the source, affiliation and/or sponsorship of Jones Brothers with Nespresso and/or as to the source, affiliation and/or sponsorship by Nespresso of Jones Brothers' goods and/or commercial activities.

56. Jones Brothers' manufacture, distribution, offering for sale and sale of the Infringing Capsules with an identical "cone" shape and using a similar color scheme as the Nespresso Trade Dress enables Jones Brothers to unfairly benefit from Nespresso's reputation and success in the marketplace, thus giving Jones Brothers' infringing products sales and commercial value that they otherwise would not have.

57. Jones Brothers had knowledge of the Nespresso Trade Dress when it designed the Infringing Capsules. Jones Brothers has not changed the design and appearance of the Infringing Capsules in response to Nespresso's clear objections, and Jones Brothers continues to distribute the Infringing Capsules, which have similarly been objected to by Nespresso. As such, Jones Brothers' infringement has been and continues to be intentional, willful and without regard to the Nespresso Trade Dress.

58. Neither Nespresso, SPN nor Nestlé Nespresso S.A. have consented to Jones Brothers' use of the Nespresso Trade Dress, and neither Nespresso, SPN nor Nestlé Nespresso S.A. have authorized Jones Brothers' manufacture, distribution, sale or offer for sale of the Infringing Capsules using the Nespresso Trade Dress.

59. The willful and intentional nature and the reckless disregard of the most basic level of diligence by Jones Brothers makes this trade dress infringement an exceptional case pursuant to 15 U.S.C. § 1117(a), and, accordingly, Nespresso is entitled to an accounting for profits, enhanced profits and damages, actual damages, costs and reasonable attorneys' fees.

60. As a result of Jones Brothers' trade dress infringement, Nespresso has suffered damages in an amount to be determined at trial.

61. On information and belief, Jones Brothers has gained profits by virtue of its infringement of the Nespresso Trade Dress.

62. Nespresso has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill as a result of Jones Brothers' actions, and Nespresso lacks an adequate remedy at law to compensate for this harm and damage. Accordingly, Nespresso is entitled to an injunction by the Court pursuant to 15 U.S.C. § 1116(a).

## COUNT V: UNLAWFUL DECEPTIVE ACTS AND PRACTICES UNDER N.Y. GEN. BUS. LAW § 349(a)

63. Nespresso repeats and incorporates herein each and every allegation set forth in paragraphs 1 to 62 of this Complaint.

64. Jones Brothers knowingly and intentionally has manufactured, distributed, offered for sale and sold and continues to manufacture, offer for sale and sell the Infringing Capsules by improperly using the Nespresso Marks and improperly copying the Nespresso Trade Dress.

65. Jones Brothers' use of the Nespresso Marks and copying of the Nespresso Trade Dress is without Nespresso's consent and without the consent of SPN or Nestlé Nespresso S.A.

66. Jones Brothers' acts complained of herein are materially misleading and, directed at consumers, have misled, continue to mislead and/or are likely to mislead reasonable consumers as to the origin of the Infringing Capsules, and have deceived, continue to deceive and/or are likely

to deceive the public into believing that Jones Brothers' products originate from, are associated with or are otherwise authorized or endorsed by Nespresso.

67. Jones Brothers' deceptive acts and practices involve public sales activities of a recurring nature.

68. Jones Brothers had knowledge of the Nespresso Marks and the Nespresso Trade Dress when it began using the Nespresso Marks, when it designed the Infringing Capsules, and Jones Brothers has not ceased its improper use of the Nespresso Marks or changed the design and appearance of the Infringing Capsules in response to Nespresso's clear objections. As such, Jones Brothers' infringement has been and continues to be intentional, willful and without regard to the Nespresso Marks and Nespresso Trade Dress. Accordingly, Nespresso is entitled to an accounting for profits, enhanced profits and damages, actual damages, costs and reasonable attorneys' fees.

69. As a result of Jones Brothers' trademark and trade dress infringement, Nespresso has suffered damages in an amount to be determined at trial.

70. On information and belief, Jones Brothers has gained profits by virtue of its deceptive acts and practices.

71. Nespresso has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill as a result of Jones Brothers' actions, and Nespresso lacks an adequate remedy at law to compensate for this harm and damage. Accordingly, Nespresso is entitled to an injunction by the Court.

## **COUNT VI: COMMON LAW UNFAIR COMPETITION**

72. Nespresso repeats and incorporates herein each and every allegation set forth in paragraphs 1 to 71 of this Complaint.

73. Neither Nespresso, SPN nor Nestlé Nespresso S.A. has consented to Jones Brothers' use of the Nespresso Marks.

74. Jones Brothers' use of the Nespresso Marks is with the intent to deceive the public into believing Jones Brothers' goods are affiliated with Nespresso. Jones Brothers' unauthorized use of the Nespresso Marks constitutes passing off and unfair competition in violation of the common law of the State of New York.

75. Jones Brothers had actual knowledge of Nespresso's trademark rights prior to using, or continuing to use, the Nespresso Marks, resulting in willful and intentional conduct. Accordingly, Nespresso is entitled to an accounting for profits, enhanced profits and damages, actual damages, costs, and reasonable attorneys' fees.

76. As a result of Jones Brothers' conduct, Nespresso has suffered damages in an amount to be determined at trial.

77. Nespresso has suffered and will continue to suffer irreparable harm to its business, reputation and goodwill as a result of Jones Brothers' actions, and Nespresso lacks an adequate remedy at law to compensate for this harm and damage. Accordingly, Nespresso is entitled to an injunction by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, as a result of the unlawful acts of Defendant set forth in each of the counts above, plaintiff Nespresso prays that the Court enter a judgment against Defendant:

(a) Preliminarily and permanently enjoining Defendant, its agents, servants, employees, officers and all persons in active concern and participation with them:

   i. From using the Nespresso Marks or any marks similar thereto in connection with the manufacture, distribution, advertising for sale, promotion or sale of

        any unauthorized goods or services, including the manufacture, distribution, advertisement, promotion, holding for sale or selling of the Infringing Capsules;

    ii. From using the Nespresso Trade Dress or any trade dress similar thereto in connection with the manufacture, distribution, advertising for sale, promotion or sale of any unauthorized goods or services, including the manufacture, distribution, advertisement, promotion, holding for sale or selling of the Infringing Capsules;

    iii. From using any logo, trade name or trademark that may be calculated to falsely represent or that has the effect of falsely representing that the services or products of Defendant are sponsored by, authorized by or in any way associated with the Plaintiff Nespresso or the Nespresso brand;

    iv. From infringing Plaintiff Nespresso's exclusively licensed trademarks; or

    v. From falsely representing itself as being connected with, sponsored by or associated with Plaintiff Nespresso or the Nespresso® brand.

(b) Ordering the destruction of all unauthorized goods and materials bearing any copy or colorable imitation of the Nespresso Marks or Nespresso Trade Dress.

(c) Pursuant to 15 U.S.C. § 1116(a), ordering Defendant to file with the Court and serve upon Nespresso's counsel, within thirty (30) days after service of the order of injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

(d) Finding that, by the acts complained of above, Defendant has infringed Nespresso's exclusively licensed federally registered trademarks in violation of 15 U.S.C. § 1114.

(e) Finding that, by the acts complained of above, Defendant has created a false designation of origin and false representation of association and has infringed the Nespresso Marks in violation of 15 U.S.C. § 1125(a).

(f) Finding that, by the acts complained of above, Defendant has created a false designation of origin and false representation of association and has infringed the Nespresso Marks in violation of 15 U.S.C. § 1125(d).

(g) Finding that, by the acts complained of above, Defendant has engaged in unlawful deceptive acts and practices under N.Y. GEN. BUS. LAW § 349(a).

(h) Finding that the acts complained of above constitute willful infringement of the Nespresso Marks and the Nespresso Trade Dress.

(i) Ordering Defendant to provide Nespresso with a full accounting of all manufacture, distribution and sale of the Infringing Capsules, including all profits derived therefrom.

(j) Ordering Defendant to pay Nespresso:

   i. Defendant's profits for sale of the infringing goods using the Nespresso Marks and the Nespresso Trade Dress;

   ii. Treble actual damages in connection with Defendant's infringement of the Nespresso Marks; and

   iii. Nespresso's costs and reasonable attorneys' fees incurred in this matter.

(j) Awarding Nespresso pre-judgment and post-judgment interest against Defendant.

(k) Awarding Nespresso such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Nespresso hereby demands a trial by jury.

Dated: New York, New York
April 18, 2019

**MAYER BROWN LLP**

*[signature]*

A. John P. Mancini
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
jmancini@mayerbrown.com

Kristine M. Young (*pro hac vice to be filed*)
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
kyoung@mayerbrown.

*Attorneys for Plaintiff Nespresso USA, Inc.*